IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DWAYNE GRIFFIN, Inmate #N03392,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 06-320-GPM |
| | ) |
| ROD R. BLAGOJEVICH, ROGER E. WALKER, JR., JAY M. MERCHANT, YOLANDE JOHNSON, JOHN A. PAYNE, JAY P. TROVILLION, DANIEL ROCKWELL, RICHARD J. BIGHAM, MICHAEL ROUNDTREE, KELLY BOYD, KAREN JONES, TIMOTHY McREYNOLDS, ROBERT M. ATKINSON, JONATHAN N. NOLEN, and CHARLES STEVENS, | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal for failure to state a claim.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other papers into numbered counts, as shown below. The parties and the Court will use these designations in any future filings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:**   For violations of due process in a disciplinary proceeding.

**COUNT 2:**   For denial of access to the law library.

### FACTUAL ALLEGATIONS

Based on Plaintiff's statement of claim and the exhibits submitted with the complaint, the Court has gleaned the following. On January 4, 2006, shortly after Plaintiff arrived at the law library on a call pass, Defendant Payne entered the library and ordered Plaintiff to report to orientation class. When Plaintiff refused to leave, Defendant Payne handcuffed him and escorted him out of the law library. According to the adjustment committee report, Plaintiff continued to act with insolence and used threatening language after his removal. Plaintiff was charged with intimidation or threats, disobeying a direct order, insolence, and failure to report. At a subsequent hearing, Plaintiff was found guilty of each of the charges except failure to report and was disciplined with one month in segregation, a one-month demotion to c-grade, a disciplinary transfer, and revocation

of one month good conduct credit. Plaintiff argues that all of the charges were false. Plaintiff also states that he was not allowed to go to the law library while in segregation.

### COUNT 1

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for one month. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while

in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim as to his time in segregation is without merit.

Plaintiff was also demoted to c-grade for one month. This allegation does not present a viable constitutional claim. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to c-grade status).

As for Plaintiff's disciplinary transfer, "prisoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992), *citing Montanye v. Haymes*, 427 U.S. 236 (1976); *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison). Accordingly, Plaintiff has not stated a cognizable due process claim regarding his disciplinary transfer.

A loss of good conduct credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff does present a cognizable due process claim regarding the one month good time credit revoked in the disciplinary proceeding. The proper method for challenging the revocation of good time credit, however, is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004), *citing Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILES 5/14-101 *et seq.*, to consider the merits of

Plaintiff's claim.  Accordingly, this claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

## COUNT 2

Plaintiff also appears to argue that his constitutional rights were violated by the denial of time in the law library.  "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).  A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

Plaintiff has made no allegations that any pending legal action was prejudiced by the denial of access to the law library on January 4, 2006, or during his stay in segregation as a result of the January 4 disciplinary report.  Consequently, he has not stated a claim.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED without prejudice**.  All pending motions are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  02/09/07

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge